Timothy J. Mulreany (Pro Hac Vice)
Chief Trial Attorney
Maryland Bar No.: 8812160123
tmulreany@cftc.gov
Attorney for Plaintiff
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
(202) 418-5306

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAFX, LTD. aka JAFX, EOOD,<br><br>Defendant. | CIVIL ACTION NO.: 2:18-cv-00598<br><br>SUPPLEMENTAL CONSENT ORDER ASSESSING CIVIL MONETARY PENALTY AGAINST JAFX, LTD. aka JAFX, EOOD |

### I. BACKGROUND

On July 27, 2018, Plaintiff Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a Complaint against Defendant JAFX, LTD aka JAFX, EOOD ("JAFX" or "Defendant") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–27f (2012), and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2018). Complaint, Docket Entry ("D.E.") 1. Specifically, the Complaint charged JAFX with operating as an unregistered foreign exchange dealer in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (2012), and Regulation 5.3(a)(6)(i), 17 C.F.R.

§ 5.3(a)(6)(i) (2018), and failing to provide customers with the required Risk Disclosure Statement in violation of Regulation 5.5, 17 C.F.R. § 5.5 (2018). On February 1, 2019, the Court entered a Consent Order of Permanent Injunction and Other Statutory and Equitable Relief against JAFX ("Consent Order"), making findings of fact, permanently enjoining JAFX from further violations of the Act as charged, permanently enjoining JAFX from acting in any capacity that requires registration with the Commission, and ordering JAFX to pay a civil monetary penalty, among other relief. Consent Order, D.E. 20. The Consent Order further provides that the Court shall determine the amount of a civil monetary penalty and the procedures for payment and distribution of these monetary sanctions by further order upon: motion of the parties submitting to the Court a proposed supplemental consent order setting out their agreement on the amounts of civil monetary penalty to be paid by JAFX in this matter; subsequent motion by the CFTC; and/or hearing before this Court. The parties, having reached an agreement as to the amount of the civil monetary penalty to be paid by JAFX, have submitted this Supplemental Consent Order Assessing a Civil Monetary Penalty Against JAFX.

## II. CONSENTS AND AGREEMENTS

To resolve the sole remaining issue of the amount of civil monetary penalty (as provided in the Consent Order), without any further judicial proceedings, JAFX:

1. Consents to the entry of this Supplemental Consent Order Assessing a Civil Monetary Penalty Against JAFX ("Supplemental Consent Order");

2. Affirms that it has read and agreed to this Supplemental Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over it and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to 7 U.S.C. § 13a-1;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Waives:

   (a) Any and all claims that it may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2018), relating to, or arising from, this action;

   (b) Any and all claims that it may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (1996), (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

   (c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Supplemental Consent Order; and

   (d) Any and all rights of appeal from this action;

8. Consents to the continued jurisdiction of this Court over it for the purpose of enforcing the terms and conditions of the Consent Order and Supplemental Consent Order and for any other purpose relevant to this action even if JAFX now or in the future conducts business outside the jurisdiction of this Court;

9. Agrees that it will not oppose enforcement of this Supplemental Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Agrees that neither it nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Supplemental Consent Order, or creating or tending to create the impression that the Complaint and/or this Supplemental Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect its: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. JAFX shall comply with this agreement, and shall undertake all steps necessary to ensure that all of its agents or employees under its authority or control understand and comply with this agreement; and

11. Consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint or any findings or conclusions in the Consent Order, except as to jurisdiction and venue, which it admits;

12. Consents to the use of the findings and conclusions in the Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

13. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 19 of Part IV of this Supplemental Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against it, whether inside or outside the United States; and

14. Agrees that no provision of this Supplemental Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against JAFX in any other proceeding. The Court, being fully advised in the premises, finds

there is good cause for entry of this Supplemental Consent Order and that there is no just reason for delay. The Court therefore directs the entry of Findings of Fact, Conclusions of Law and a permanent injunction and ancillary equitable relief pursuant to 7 U.S.C. § 13a-1, as set forth herein.

### III.     FINDINGS AND CONCLUSIONS

15.    The Findings of Fact and Conclusions of Law contained in Consent Order are incorporated herein by reference and given preclusive effect as provided in the Consent Order.

### IV.     CIVIL MONETARY PENALTY

IT IS HEREBY ORDERED that JAFX shall comply fully with the following terms, conditions, and obligations relating to the payment of a civil monetary penalty:

**A.    Civil Monetary Penalty**

16.    JAFX shall pay a civil monetary penalty in the amount of six hundred thousand dollars ($600,000 USD)("CMP Obligation"). If post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012).

17.    JAFX shall pay its CMP Obligation and any post-judgment interest in U.S. Dollars by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
Division of Enforcement
6500 S. MacArthur Blvd.
HQ Room 181
Oklahoma City, OK 73169
(405) 954-6569 office
(405) 954-1620 fax
9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, JAFX shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. JAFX shall accompany payment of the CMP Obligation with a cover letter that identifies JAFX and the name and docket number of this proceeding. JAFX shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**B.   Provisions Related to Monetary Sanctions**

18.   Partial Satisfaction: Any acceptance by the Commission of any partial payment of JAFX'S CMP Obligation shall not be deemed a waiver of its obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

### IV.   MISCELLANEOUS PROVISIONS

19.   Notice: All notices required to be given by any provision in this Supplemental Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

Deputy Director Paul Hayeck
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
(202) 418-5312

phayeck@cftc.gov

Notice to Defendant JAFX, LTD aka JAFX, EOOD:

> Jan Harm Snyman
> Shareholder of JAFX, LTD aka JAFX, EOOD
> Plot 92
> Silkaatsnek, Brits, South Africa 0250

All such notices to the CFTC shall reference the name and docket number of this action.

20. **Entire Agreement and Amendments:** This Supplemental Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

21. **Invalidation:** If any provision of this Supplemental Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Supplemental Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

22. **Waiver:** The failure of any party to this Supplemental Consent Order or of any customer at any time to require performance of any provision of this Supplemental Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Supplemental Consent Order. No waiver in one or more instances of the breach of any provision contained in this Supplemental Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Consent Order.

23. Waiver of Service, and Acknowledgement: JAFX waives service of this Supplemental Consent Order and agrees that entry of this Supplemental Consent Order by the Court and filing with the Clerk of the Court will constitute notice to JAFX of its terms and conditions. JAFX further agrees to provide counsel for the CFTC, within thirty days after this Supplemental Consent Order is filed with the Clerk of Court, with an affidavit or declaration stating that JAFX has received and read a copy of this Supplemental Consent Order.

24. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement and civil monetary penalty, that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Supplemental Consent Order and for all other purposes relevant to this action, including any motion by JAFX to modify or for relief from the terms of this Supplemental Consent Order.

25. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon JAFX, upon any person under its authority or control, and upon any person who receives actual notice of this Supplemental Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with JAFX.

26. Authority: Jan Harm Snyman hereby warrants that he is the Shareholder of JAFX, and that this Supplemental Consent Order has been duly authorized by JAFX and he has been duly empowered to sign and submit this Supplemental Consent Order on behalf of JAFX.

27. Counterparts and Facsimile Execution: This Supplemental Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same

Case 2:18-cv-00598-JNP-DBP   Document 28-1   Filed 06/15/20   Page 9 of 10

agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Supplemental Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Supplemental Consent Order.

28. JAFX understands that the terms of the Supplemental Consent Order are enforceable through contempt proceedings, and that, in any such proceedings it may not challenge the validity of this Supplemental Consent Order.

29. Agreements and Undertakings: JAFX shall comply with all of the undertakings and agreements set forth in this Supplemental Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order Entering a Civil Monetary Penalty Against JAFX, LTD aka JAFX, EOOD.*

**IT IS SO ORDERED** on this _____ day of _____, 2020.

_____
**UNITED STATES DISTRICT JUDGE**

agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Supplemental Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Supplemental Consent Order.

28. JAFX understands that the terms of the Supplemental Consent Order are enforceable through contempt proceedings, and that, in any such proceedings it may not challenge the validity of this Supplemental Consent Order.

29. Agreements and Undertakings: JAFX shall comply with all of the undertakings and agreements set forth in this Supplemental Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order Entering a Civil Monetary Penalty Against JAFX, LTD aka JAFX, EOOD.*

**IT IS SO ORDERED** on this _____ day of _____, 2020.

_____
**UNITED STATES DISTRICT JUDGE**

CONSENTED TO AND APPROVED BY:

_____  Dated __06/15/2020__
Timothy J. Mulreany (*Pro Hac Vice*)
Chief Trial Attorney
Maryland Bar No.: 8812160123
tmulreany@cftc.gov
Attorney for Plaintiff
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
(202) 418-5306

_____  Dated: 09/03/2020
JAFX, LTD aka JAFX, EOOD
Jan Harm Snyman
Shareholder of JAFX
Plot 92
Silkaatsnek, Brits, South Africa 0250

Approved as to form:

_____  Dated: 03/09/2020
Vivian Rivera-Drohan (*Pro Hac Vice*)
Drohan Lee, LLP
575 Madison Avenue
New York, New York 10022
(212) 710-0004
Attorney for JAFX, LTD aka JAFX, EOOD

10